Filed 3/6/13  P. v. Alexander CA1/3
Opinion following recall of remittitur

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DEAUNDRE ANDREW ALEXANDER,<br><br>　　　Defendant and Appellant. | A130824<br><br>(Contra Costa County<br>Super. Ct. No. 50911610) |

A jury convicted defendant Deaundre Andrew Alexander of several offenses, including being a felon in possession of a firearm and active participation in a criminal street gang. Defendant contends there is insufficient evidence to support the conviction for gang participation because he committed the underlying offense on which the conviction is based alone, without the involvement of another gang member. Defendant is correct. We shall modify the judgment to strike the gang participation conviction.

## FACTS AND TRIAL COURT PROCEEDINGS

On June 21, 2009, uniformed police officers went to a house in Parchester Village in Richmond to execute an arrest warrant for defendant, a convicted felon. When the officers arrived in marked patrol cars, they saw defendant sitting on the front lawn of the house with four to eight young men. Several police officers exited their patrol cars and walked toward defendant, who immediately stood up, turned around, and walked toward the house in an "extremely nervous" manner. The officers called out to defendant by name, asking him to stop. Defendant did not stop; he quickened his pace toward the

1

house. Defendant was holding the front area of his pants, which suggested to the police officers that defendant was "trying to maintain possession of a firearm" concealed in his pants. Defendant reached the house before the police could intercept him. Defendant went through the house and ran out the back door, where a police officer apprehended him. Defendant was searched but no firearm was found.

A resident of the house told the officers that she saw defendant run into the house. The resident testified that defendant ran in front of the living room couch and the resident heard a noise, like something hitting the ground. The police searched the living room and found a firearm next to the couch. The resident testified that she did not allow guns in the house and was "positive" there was no gun in the house before defendant arrived. The firearm was a semiautomatic handgun with a laser sight. The handgun had a chambered round of ammunition ready to fire, and nine additional bullets in the handgun's magazine. Defendant's thumb print was on the handgun's magazine.

Defendant was taken to jail and, during booking, was asked if he was a member of any gang. Defendant said "yes," that he was "from Parchester Village," and that his "rivals" were North Richmond. A police officer with gang expertise testified that there is a criminal street gang known variously as "Parchester Village," "Parchester Villains," and "PV." The officer said PV's primary activity is narcotic sales and that it commits various crimes to facilitate sales, including robbery and murder. The officer opined that defendant is a PV gang member based on a number of factors, including that defendant has prior convictions for drug sales and firearm possession, associates with known gang participants, displays gang signs and symbols, and produces rap videos in which he sings about Parchester Village, guns, and shooting people. The officer also opined that defendant possessed the handgun to promote criminal activity of the gang, and for the gang's benefit. Guns protect the gang and its "turf," the officer testified, and boosts defendant's standing in the gang.

The jury convicted defendant of being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)), [1] being a felon in possession of ammunition (§ 12316, subd. (b)(1)), active participation in a criminal street gang (§ 186.22(a)), and resisting arrest (§ 148, subd. (a)(1)). The jury found not true the allegations that the firearm and ammunition offenses were committed for the benefit of the gang (§ 186.22, subd. (b)(1)). The court sentenced defendant to the two-year midterm for the firearm offense, stayed sentence on the ammunition and gang participation offenses under section 654, and sentenced defendant to 180 days in county jail for resisting arrest, which was satisfied by credit for time served. Defendant timely filed a notice of appeal.

## DISCUSSION

Defendant contends there is insufficient evidence to support his gang participation conviction. Section 186.22(a) criminalizes street gang participation: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in county jail" or by imprisonment in the state prison. The California Supreme Court has explained that the crime has three elements: "(1) active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; (2) knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and (3) the willfull promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang." (*People v. Albillar* (2010) 51 Cal.4th 47, 56.)

At issue here is the third element: Does a gang member violate section 186.22(a) if he commits a felony while acting alone? The answer is no, as the California Supreme Court has recently determined. (*People v. Rodriguez* (2012) 55 Cal4th 1125, 1128.) "[T]o satisfy the third element, a defendant must willfully advance, encourage, contribute to, or

---

[1] All further section references are to the Penal Code. Section 186.22, subdivision (a) is hereafter abbreviated as section 186.22(a).

3

help *members* of his gang commit felonious criminal conduct. The plain meaning of section 186.22(a) requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member." (*Id.* at p. 1132.)

Defendant acted alone in being a felon in possession of a firearm. He therefore did not commit the offense of active participation in a criminal street gang, which requires participation of at least two gang members in felonious conduct. His conviction under section 186.22(a) must be stricken rather than stayed.

## DISPOSITION

The judgment is modified to strike the section 186.22(a) conviction but affirmed in all other respects. The clerk of the superior clerk shall prepare an amended abstract of judgment to remove the section 186.22(a) conviction and send a copy of the amended abstract to the Department of Corrections.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.

4